UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Jason Lucas,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>Credit Protection Association,<br><br>　　　　　　　Defendant. | Civil Action No.: 3:14-cv-00002<br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Jason Lucas, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Jason Lucas ("Plaintiff"), is an adult individual residing in Orlando, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Credit Protection Association ("CPA"), is a Texas business entity with an address of 13355 Noel Road, Suite 2100, Dallas, Texas 75240, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

6.      A person other than Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to CPA for collection, or CPA was employed by the Creditor to collect the Debt.

9.      Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      The Facts**

10.      Plaintiff is on the National Do Not Call Registry.

11.      Within the last year, Defendant contacted Plaintiff by placing calls to Plaintiff's cellular telephone, number 407-xxx-9920, using an automated telephone dialer system ("ATDS") and/or using an artificial or prerecorded voice.

12.      Plaintiff never gave prior express consent to Defendant or the Creditor to place ATDS calls to his cell phone.

13.      Each of Defendant's calls contained a message regarding their attempt to collect the Debt from an individual named "Robert Lucas."

14.      Defendant's ATDS calls failed to provide Plaintiff with an opt-out option, but rather only gave an apology for their call if Defendant had called the wrong person.

15.      Plaintiff had no capacity to reach a live representative in order to complain about and/or opt-out of Defendant's repeated and unsolicited calls to his cellular phone.

16. Additionally, on or about November 14, 2013, Defendant sent a text message to Plaintiff's cellular telephone. The text message from Defendant read:

> "FREEMSG to ROBERT LUCAS. From Credit Protection Association LP a debt collector. Call 888-262-1081. Ref#1732296741. To opt-out reply STOP"

17. Defendant's calls and text messages were extremely annoying to Plaintiff.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

20. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

21. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. At all times mentioned herein, Defendant contacted Plaintiff on his cellular telephone using an automatic telephone dialing system and by using a prerecorded or artificial voice.

26. Plaintiff never provided express consent to Defendant or the Creditor to call his cellular telephone number.

27. Regardless, Defendant continued to place calls and send text messages to Plaintiff's cellular telephone without consent to do so.

28. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

29. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

31. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

32. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35. Texas further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Texas state law.

36. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above-referenced telephone calls.

37. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding Plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

38. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

40. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

3. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

4. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

5. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 2, 2014

                                            Respectfully submitted,

                                            By */s/ Jody B. Burton*

                                            Jody B. Burton, Esq.
                                            CT Bar # 422773
                                            LEMBERG LAW L.L.C.
                                            14785 Preston Road, Suite 550
                                            Dallas, Texas  75154

                                            *Counsel To:*
                                            LEMBERG LAW L.L.C.
                                            1100 Summer Street, 3rd Floor
                                            Stamford, CT 06905
                                            Telephone: (203) 653-2250
                                            Facsimile:  (203) 653-3424
                                            E-mail: jburton@lemberglaw.com
                                            Attorneys for Plaintiff